HARRY STERN, SBN 176854
RAINS LUCIA STERN, PC
220 Montgomery Street, Suite 484
San Francisco, CA 94104
Tel: 925.609.1699
Fax: 925.609.1690
Email: HStern@RLSlawyers.com

WILLIAM D. MARLER
(pro hac vice pending)
MARLER CLARK, LLP, PS
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Tel: 206.346.1888
Fax: 206.346.1898
Email: bmarler@marlerclark.com

Attorneys for Plaintiff
TIMOTHY STODDART and
JENNIFER STODDART

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY STODDART and JENNIFER STODDART,<br><br>            Plaintiffs,<br>    v.<br><br>NAVITAS NATURALS©, THE SUPERFOOD COMPANY ™; and DOES 1-20, inclusive,<br><br>            Defendants. | Case No.: 14-3993<br><br>**COMPLAINT FOR PERSONAL INJURIES**<br><br>**1st Claim for Relief – Strict Product Liability – (California Health and Safety Code § 110545, et seq.)**<br>**2nd Claim for Relief – Breach Warranties**<br>**3rd Claim for Relief – Negligence**<br>**4th Claim for Relief – Negligence per se**<br>**5th Claim for Relief – Loss of Consortium**<br><br>**JURY TRIAL DEMANDED** |

    COMES NOW the Plaintiffs, TIMOTHY STODDART and JENNIFER STODDART, by and through undersigned counsel, and alleges and complains as follows:

///

1

**COMPLAINT FOR PERSONAL INJURIES**

**PARTIES**

1. The Plaintiffs, Timothy and Jennifer Stoddart, are husband and wife, and residents of Sylvan Lake, Alberta, Canada.

2. The Defendant Navitas Naturals©, the Superfood Company™, is a California LLC with a legal name known as Navitas, LLC and doing business as Navita Naturals©, the Superfood Company. Its principal place of business is located in Novato, California.

3. The true names and capacities, whether individual, corporate, partnership, joint venture, franchisee or otherwise of Defendants DOES 1-20, inclusive, are unknown to Plaintiffs who sue these Defendants by fictitious names.

4. Each of the Defendants named in this Complaint as a DOE is legally responsible in some manner for the events and happenings alleged in this Complaint, and legally caused injury and damage to Plaintiffs as alleged in this Complaint.

5. At all times mentioned in this Complaint, Defendants, and each of them, were the agents and employees of the remaining Defendants and were at all times acting within the course and scope of that agency and employment.

6. Plaintiffs are informed, believe, and therefore allege that at all times mentioned here, certain of the Defendant DOES are the successors in interest to each of the remaining Defendants and on that basis, are liable for any act or omission of Defendants alleged in this Complaint.

7. Upon information and belief, the defendants DOES 1-20 are entities who participated in the manufacture, distribution, and/or sale of the contaminated food product that was the proximate cause of the Plaintiff's injuries, and whose identities are not known to the plaintiffs at this time. The Plaintiffs will seek leave of the Court to amend this complaint at such time that the identities of these parties become known.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 USC § 1332(a)(2) because the matter in controversy exceeds $75,000.00, exclusive of costs, it is between a citizens of the State of California and citizens of a foreign state, and because the Defendants have certain minimum contacts with the State of California such that the maintenance of the suit in this district does

**COMPLAINT FOR PERSONAL INJURIES**

not offend traditional notions of fair play and substantial justice.

9. Venue in the United States District Court for the Northern District of California is proper pursuant to 28 USC § 1391(a)(1) because all the Defendants are deemed to reside in this district, because all Defendants are subject to personal jurisdiction at the time this action is commenced, and 28 USC § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## GENERAL ALLEGATIONS

10. The CDC has reported that as of August 14, 2014, a total of 31 ill persons infected with the outbreak strains of Salmonella Newport (20 persons), Salmonella Hartford (7 persons), or Salmonella Oranienburg (4 persons) have been reported from 16 states. Through product testing and interviews with ill people, these illnesses have been combined with the Salmonella Newport and Salmonella Hartford infections previously identified as part of this investigation.

11. Collaborative investigation efforts of state, local, and federal public health and regulatory agencies indicate that organic sprouted chia powder is the likely source of this outbreak. Chia powder is made from ground dried chia seeds.

12. On June 4, 2014, Health Matters America, Inc., recalled products that contain sprouted chia seed powder and sprouted chia/flax seed powder due to possible Salmonella contamination. On June 6, 2014, Navitas Naturals expanded their existing recall to include additional expiration dates of products containing organic sprouted chia powder.

13. The Public Health Agency of Canada is collaborating with Provincial public health partners, the Canadian Food Inspection Agency, and Health Canada to investigate 63 Canadian cases of Salmonella infection linked to the consumption of sprouted chia seed powder. In Canada, four strains of Salmonella have been associated with this outbreak: Salmonella Newport, Salmonella Hartford, Salmonella Oranienburg and Salmonella Saintpaul. In total, 63 cases have been reported in British Columbia (14), Alberta (10), Ontario (35) and Quebec (4). Twelve cases have been hospitalized; nine cases have been discharged and have recovered or are recovering. No deaths have been reported. The investigation is ongoing but currently, 19 of 19 cases that have been interviewed have reported consumption of sprouted chia seeds or sprouted chia seed powder, and 16 of 19 cases specifically report sprouted chia seed powder.

14. As a part of this investigation, the Canadian Food Inspection Agency has issued food recall warnings for various products containing sprouted chia seeds and sprouted chia seed powder under the brands Organic Traditions, Back 2 the Garden, Intuitive Path SuperFoods, Harmonic Arts Botanical Dispensary, Naturallyorganic, and Pete's Gluten Free. These products have been recalled and are being removed from the marketplace due to possible Salmonella contamination.

15. On or about May 9, 2014, Plaintiffs purchased Defendants' chia powder at the Natural Solutions store in Sylvan Lake, Alberta, and both Plaintiffs consumed the product from approximately May 9, 2014 through May 23, 2014.

16. On or about May 11, 2014, both Plaintiffs began suffering from severe gastrointestinal symptoms, including nausea, cramps and diarrhea, due to their consumption of Defendants' product. Their condition worsened daily. Jennifer Stoddart first received related medical treatment on or about May 26, 2014 at the Horizon Medical Family Medicine facility in Sylvan Lake where she received treatment through August 13, 2014, to date. She continues to suffer from the sequela of her Salmonella infection.

17. Timothy Stoddart first received related medical treatment on or about June 3, 2014 at the Horizon Medical Family Medicine facility in Sylvan Lake. He was diagnosed with appendicitis, and had his appendix removed at the Red Deer Regional Hospital Center, where he was hospitalized for two days. He most recently received treatment on or about July 21, 2014, to date. He continues to suffer from the sequela of his Salmonella infection.

18. Plaintiff Jennifer Stoddart submitted a stool specimen for testing, which was ultimately determined to be positive for Salmonella Saintpaul. The Plaintiff was later informed by health officials with Alberta Health Services that her strain of Salmonella was one of the Salmonella strains associated in Canada with the chia powder outbreak and recall.

19. Plaintiffs' Salmonella infections resulted directly from their consumption of Defendants' chia powder contaminated with Salmonella.

**FIRST CLAIM FOR RELIEF**
**(Strict Product Liability)**
**(Against Defendants NAVITAS NATURALS©, THE SUPERFOOD COMPANY ™; and DOES 1 through 20)**

20. The Plaintiffs hereby incorporate paragraphs 2 through 19 by this reference as if each

paragraph was set forth herein in its entirety.

21. The Defendants are product manufacturers and sellers within the meaning of California strict product liability law. The Defendants manufactured and sold the food product that was the source of the Plaintiffs' injuries. The Defendants were engaged in the business of selling food products.

22. The Defendants' food product that was the source of the Plaintiffs' illness and injuries was defective, and was unreasonably dangerous to the consumer, because it was contaminated and adulterated with Salmonella, a potentially deadly pathogen, and because Defendants' defective Salmonella contaminated food product caused Salmonella infection.

23. The food product manufactured by the Defendants reached the Plaintiffs without substantial change in the condition in which it was sold.

24. The Defendants' defective Salmonella contaminated food product caused the Plaintiff's Salmonella infection and subsequent damages.

25. Because the Defendants manufactured the food product that was the source of the Plaintiffs' illnesses and injuries, which food was defective and not reasonably safe due to Salmonella contamination, the Defendants are strictly liable to the Plaintiffs for the harm proximately caused by their sale of defective food.

WHEREFORE, Plaintiffs pray for judgment against Defendants NAVITAS NATURALS©, THE SUPERFOOD COMPANY ™; and DOES 1-20, inclusive, and each of them, as hereinafter set forth.

**SECOND CLAIM FOR RELIEF**
**(Breach of Warranties)**
**(Against Defendants NAVITAS NATURALS©, THE SUPERFOOD COMPANY ™; and DOES 1 through 20)**

26. The Plaintiffs hereby incorporate paragraphs 1 through 25 by this reference as if each paragraph was set forth herein in its entirety.

27. The Defendants owed a duty to the Plaintiffs to manufacture and sell a food product that conformed to its express and implied warranties, including, but not limited to, the implied warranty of merchantability and the implied warranty of fitness for a particular use or purpose.

28. The food product manufactured and sold by the Defendants was contaminated with the Salmonella bacteria. Such contaminated food products would not pass without exception in the trade, and

the sale of such food products was thus in breach of the implied warranty of merchantability.

29. The food product manufactured and sold by the Defendants was contaminated with the Salmonella bacteria, and was not fit for the uses and purposes intended by either the Plaintiffs or the Defendants, i.e., human consumption. The sale was thus a breach of the implied warranty of fitness for its intended use.

30. Because the Defendants manufactured and sold food that was in breach of their express and implied warranties, the defendants are liable to the Plaintiffs for the harm proximately caused to Plaintiffs by their sale of contaminated food.

WHEREFORE, Plaintiffs pray for judgment against Defendants NAVITAS NATURALS©, THE SUPERFOOD COMPANY ™; and DOES 1-20, inclusive, and each of them, as hereinafter set forth.

**THIRD CLAIM FOR RELIEF**
**(Negligence)**
**(Against Defendants NAVITAS NATURALS©, THE SUPERFOOD COMPANY ™; and DOES 1 through 20)**

31. The Plaintiffs hereby incorporate paragraphs 1 through 30 by this reference as if each paragraph was set forth herein in its entirety.

32. At all times mentioned herein, the Defendants, and each of them, were responsible for manufacturing, distributing and selling products that are reasonably safe and were responsible for providing adequate warning or instruction to the public of potential dangers of their products.

33. At all times mentioned herein, Defendants, and each of them, had a duty to use due care in their manufacturing, distribution and selling of products to the general public. Defendants had a duty to comply with all statutory and regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling, and sale of their food products.

34. In the manufacturing and production of their finished product, the Defendants owed to the Plaintiffs a duty to use supplies and raw materials that were in compliance with applicable federal, state, and local laws, ordinances and regulations; that were from safe and reliable sources; and that were clean, wholesome, free from spoilage and adulteration, and safe for human consumption, but failed to do so.

35. At all times mentioned herein, Defendants, and each of them, knew or should have known that there was a risk of Salmonella contamination in their products and that exposure of Salmonella would

pose a danger to members of the public.

36. The Defendants negligently manufactured, distributed and sold a food product that was not reasonably safe.

37. The Defendants, and each of them, were negligent in their manufacturing, distribution and selling of a product that was not reasonably safe because adequate warnings or instructions were not provided, including, but not limited to, the warning that their product may contain Salmonella, and thus should not be given to, or eaten by, people.

38. As a result of the Defendants' negligence, and as a result of the defendants' violation of statutes designed to protect the Plaintiffs from contaminated foods, the defendants are liable to Plaintiffs for their Salmonella illness and for the Plaintiffs' injuries and losses.

39. As a direct, legal and proximate result of the Defendants' negligence, the Plaintiffs suffered and may continue to suffer injury, harm, special damages and economic loss.

WHEREFORE, Plaintiffs pray for judgment against Defendants NAVITAS NATURALS©, THE SUPERFOOD COMPANY ™; and DOES 1-20, inclusive, and each of them, as hereinafter set forth.

**FOURTH CLAIM FOR RELIEF**
**(Negligence per se)**
**(Against Defendants NAVITAS NATURALS©, THE SUPERFOOD COMPANY ™; and DOES 1 through 20)**

40. The Plaintiffs hereby incorporate paragraphs 1 through 39 by this reference as if each paragraph was set forth herein in its entirety.

41. The Defendants negligently manufactured, distributed and sold a food product that was not reasonably safe.

42. The Defendants were negligent in manufacturing, distributing and selling a product that was not reasonably safe because adequate warnings or instructions were not provided, including, but not limited to, the warning that their product may contain Salmonella, and thus should not be given to, or eaten by, people.

43. The Defendants had a duty to comply with all statutory and regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling, and sale of their food products, including, but not limited to, the Federal Food, Drug, and Cosmetics Act, § 402(a), as codified at 21 U.S.C.

7
**COMPLAINT FOR PERSONAL INJURIES**

§ 342(a), which bans the manufacture, sale and distribution of any "adulterated" food, but failed to do so. California's Sherman Food, Drug, and Cosmetic Act, CA Health & Safety Code § 110545, imposes an identical ban, which the Defendants also a duty to comply with, but failed to do so.

44. In the manufacturing and production of their finished product, the Defendants owed to the Plaintiffs a duty to use supplies and raw materials that were in compliance with applicable federal, state, and local laws, ordinances and regulations; that were from safe and reliable sources; and that were clean, wholesome, free from spoilage and adulteration, and safe for human consumption, but failed to do so.

45. The Plaintiffs are among the class of persons designed to be protected by the statutory and regulatory provisions pertaining to the Defendants' manufacture, distribution, storage, labeling, and sale of their food.

46. As a result of the Defendants' negligence, and as a result of the defendants' violation of statutes designed to protect the Plaintiffs from contaminated foods, the defendants are liable to Plaintiffs for their Salmonella illness and for the Plaintiffs' injuries and losses.

47. As a direct, legal and proximate result of the Defendants' negligence, the Plaintiffs suffered and may continue to suffer injury, harm, special damages and economic loss.

WHEREFORE, Plaintiffs pray for judgment against Defendants NAVITAS NATURALS©, THE SUPERFOOD COMPANY ™; and DOES 1-20, inclusive, and each of them, as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF
**(Loss of Consortium)**
**(Against Defendants NAVITAS NATURALS©, THE SUPERFOOD COMPANY ™; and DOES 1 through 20)**

48. The Plaintiffs hereby incorporate paragraphs 1 through 47 by this reference as if each paragraph was set forth herein in its entirety.

49. On or around May 9, 2014, and at all times mentioned in this complaint, Plaintiffs Timothy and Jennifer Stoddart were husband and wife.

50. As a direct and proximate cause of the Defendants' acts or omissions alleged in this complaint, Plaintiffs suffered physical and emotional injury that has ceased the care, comfort, and society and other benefits of marriage as between Plaintiffs Timothy and Jennifer Stoddart, husband and wife. Plaintiffs suffer from that loss.

WHEREFORE, Plaintiffs pray for judgment against Defendants NAVITAS NATURALS©, THE SUPERFOOD COMPANY ™; and DOES 1-20, inclusive, and each of them, as hereinafter set forth.

## DAMAGES

51. The Plaintiffs hereby incorporate paragraphs 1 through 50 by this reference as if each paragraph was set forth herein in its entirety.

52. The Plaintiffs have suffered general, special, incidental and consequential damages as the direct and proximate result of the acts and omissions of the Defendants, which damages shall be fully proven at the time of trial. Such damages include, but are not limited to, damages for loss of enjoyment of life, both past and future; medical and medical related expenses, both past and future; travel and travel-related expenses, past and future; emotional distress and future emotional distress; loss of consortium; pharmaceutical expenses, past and future; wage loss; and other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants NAVITAS NATURALS©, THE SUPERFOOD COMPANY ™; and DOES 1-20, inclusive, and each of them, on all causes of action as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For past and future medical and related expenses according to proof;
4. For past and future loss of earnings and earning capacity according to proof;
5. For interest to the extent allowable by law;
6. For costs of the suit herein; and
7. For such further relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

As to the matters complained of herein against Defendants NAVITAS NATURALS©, THE SUPERFOOD COMPANY ™; and DOES 1-20, inclusive, and each of them, Plaintiffs TIMOTHY STODDART and JENNIFER STODDART hereby demand a trial by jury of six persons on all issues so triable.

| | |
|---|---|
| Dated: September 3, 2014 | Respectfully submitted,<br>**RAINS LUCIA STERN, PC**<br><br>*/s/ Harry Stern*<br>Harry Stern<br>RAINS LUCIA STERN<br>220 Montgomery Street, Suite 484<br>San Francisco, CA  94104<br>Telephone: 925.609.1699<br>hstern@rlslawyers.com<br><br>And<br><br>*/s/ William D. Marler*<br>William D. Marler<br>MARLER CLARK, LLP, PS<br>1301 Second Ave, Suite 2800<br>Seattle, WA  98101<br>Telephone: 206.346.1888<br>Facsimile: 206.346.1898<br>bmarler@marlerclark.com<br>pro hac vice Pending<br><br>Attorneys for Plaintiffs TIMOTHY STODDART and JENNIFER STODDART |

**COMPLAINT FOR PERSONAL INJURIES**